ADAMS, Justice.
Homer Stoker (defendant) appeals from a judgment awarding his brother, Douglas Stoker (plaintiff), $25,438.60 in the plaintiff’s action for breach of contract. We affirm the trial court’s judgment with modifications.
Following a bench trial of this case, the court issued a judgment setting forth its findings of fact and conclusions of law. Because the trial court’s order succinctly illustrates the peculiar character of this case, we set the order forth below in all pertinent parts:
“The parties to this action are brothers. Previously, they were also business partners. Their businesses failed and when the businesses failed there were debts remaining. The bank loans of the parties were thereafter renewed from time to time and now [the plaintiff] sues his brother ... to enforce an agreement executed by the parties on or about January 17, 1983.
*974 “By the terms of the agreement upon which the plaintiff bases his cause of action, the defendant ... agreed to assume all the liabilities of Stoker’s Sandwich Shoppe. The agreement also provided that the plaintiff would convey his interest in the partnership upon ‘Homer L. Stoker agreeing to assume all the liabilities presently owing by the partnership.’ ... The testimony was that [the defendant] agreed to assume the debts of the partnership in order that he might receive the tax advantage of being able to claim the partnership’s losses. It appears to the court that this is adequate consideration for the agreement of the parties as the testimony also revealed there was a considerable tax advantage flowing to [the defendant].
“After entering into this agreement both parties to this action went to Auburn National Bank (‘Bank’) and renewed the notes which were evidence of the debts of the partnership. These notes have been renewed on several occasions after 1983. On one occasion, the Bank foreclosed on a mortgage made to the Bank by [the defendant]. The land, which was the subject of the mortgage, was sold and repurchased by [the defendant] at the sale. [The defendant] paid to the Bank the amount he bid at the mortgage foreclosure sale, which amount was credited to the debts of the parties.
“Afterwards, the plaintiff ... filed bankruptcy. In order to ensure that he did not lose his home, he agreed with the Bank that the debt on his home would be excluded from the bankruptcy procedure. After renewing the note to the Bank on the most recent occasion, [the plaintiff] has been making periodic monthly payments to the Bank. Over the years, [the defendant] has paid substantial payments to the Bank but the debt to the Bank now remains at over $90,000.00. Douglas M. Stoker has now sued Homer L. Stoker. The suit seeks to require Homer L. Stoker to pay an amount equal to the debt to the Bank to Douglas M. Stoker.
“The court heard [ore terms evidence] without a jury. However, after hearing and considering the testimony, which had been introduced at the hearing on December 19, 1990, the court was unable to fashion a decree. The court then set the case for additional testimony, which was heard on March 18, 1991. At the conclusion of the hearing on March 18, 1991, the parties indicated to the court [that] they wished to file briefs. The plaintiff was allowed to file a brief no later than the close of business March 29, 1991. Due to the untimely death of a friend of the plaintiff’s attorney, the plaintiff’s attorney was allowed a few days’ extension to file his brief. The defendant was allowed 7 days from the filing of the plaintiff’s brief to file a reply. Although the court has contacted the plaintiff’s attorney on numerous occasions asking that a brief be filed, none has been filed for the plaintiff. The court then requested the defendant’s attorney to file a brief, without waiting for the plaintiff’s brief. This has now been accomplished. The defendant’s brief was received by the court on July 24, 1991. The defendant’s attorney certifies that he has served a copy of this brief upon the plaintiff’s attorney. Nevertheless, the plaintiff has not filed a brief nor has he replied to the defendant’s brief. The court feels it is necessary to render a judgment in this case without the benefit of a brief from the plaintiff.... [1]
“The position of the defendant in this case is that judgment should be rendered for the defendant for the following several reasons:
“1. The plaintiff has no standing to sue because the trustee in bankruptcy would own the claim of the plaintiff against the defendant.
“2. The statute of limitations has run on filing the action in this case. The action was filed April 3,1990, [and] the date of the agreement of the parties was probably January 17, 1983.
“3. There is a failure of consideration for the agreement of the parties.
*975 “4. There was a novation of the agreement of the parties when new instruments were signed.
“5. The action was commenced prematurely as the plaintiff has not paid the debts of the parties.
“At the initial hearings in this matter the court determined that the nominal plaintiff ... had filed a petition under chapter 7 of the Bankruptcy Code. Said petition was filed on November 8, 1989, Case No. 89-4085, and Cecil Tipton was appointed as trustee of the bankrupt estate. The trustee appeared before this court and asserted his claim on behalf of the creditors of the said estate to this cause of action and to any proceeds resulting therefrom.... [2]
“The attorney for the defendant has written an excellent brief on the questions of the defendant’s contentions and how such would apply in this case. Upon considering the matters presented it appears to the court that the position taken by the defendant in regard to the statute of limitations may have merit depending on when the agreement of the parties was entered and what the effect of renewal of the promissory note to the Bank would have. The court concludes the statute of limitations would apply based on the date of renewal of the notes of the parties which the defendant agreed to assume. Therefore, the most recent renewal of the promissory note and the intervening renewals would toll the running of the limitations periods. Therefore, the court finds the statute of limitations has not run.
“The court finds there was adequate consideration for the agreement which the parties signed and that the defendant received a tax advantage he was not otherwise entitled to, which was both valuable and beneficial to the defendant. The court finds that under the circumstances and particular facts of this case, there was not a novation.
“As to the debt to [the Bank], it appears to the court that both parties still are indebted to the Bank. Because the Bank was not a party to this action, the Bank may proceed against either or both parties as it sees fit. There is no showing as to why the Bank has not elected to proceed against either party, and in particular against the defendant. As the Bank is not a party, this court cannot make any order affecting the rights of the Bank or give judgment in favor of or against the Bank.
“The court has had much difficulty in framing the decree in this case, due, in part, to the many complex issues, and, in part, to the lack of a brief from the plaintiff. If the court renders a monetary judgment for the plaintiff, the plaintiff could spend the money, if paid to the plaintiff, however it pleases the plaintiff. The defendant would then have paid all owing but his debt to the Bank would still exist and the defendant could be required to pay the debt twice. Therefore, the court finds the plaintiff should have judgment against the defendant for the amount which the plaintiff has paid on the note to the Bank to date, or which is accrued to date, that is, twenty (20) payments of $1,271.93 per month. Therefore, the court [orders that] the plaintiff have and recover of the defendant the sum of $25,438.60, together with the costs of court herein incurred.”
(Emphasis added.)
On appeal, the defendant reasserts the objections set forth in the trial court’s order. After a thorough review of the record and the defendant’s brief, we conclude that the trial court’s order sufficiently answers these objections.
Additionally, however, the defendant contends that the trial court erred in its computation of the amount of damages incurred by the plaintiff as of the time of trial. Specifically, he asserts that the correct amount of the award could not exceed $7,150 [$650 per month X 11 months]. We agree.
*976 At the first hearing, the plaintiff testified that although he had paid $650 per month for nine months ($5,850) pursuant to his agreement with the Bank, interest during that time, he contended, had accumulated in the amount of $5597.37.[3] In arriving at the amount of $1,271.93 per month, the trial court included the amount of interest allegedly accrued during the nine months in its calculations [$1,271.93 = $11,-447.37 ($5850 + $5597.37) -=- 9], Thus, in awarding an amount in excess of the plaintiff’s actual expenditures, the court did precisely what it carefully sought to avoid, that is, it awarded an amount for which the defendant might incur subsequent liability. Consequently, the amount inadvertently awarded by the trial court must be subtracted from the judgment to equal $7,150 plus costs, the amount expended by the plaintiff during the 11 months preceding the last hearing in which evidence of the amount of payments was admitted.
AFFIRMED AS MODIFIED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.

. The plaintiff has also declined to file any briefs in this Court.

. Pursuant to a motion filed by the defendant on October 25, 1990, the trustee was joined as a plaintiff.

. At the second hearing, the plaintiff testified that he had made 11 monthly installments of $650.